IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 3:12CR0062-HEH-02 |
| | ) | |
| DUANE BROOKS JEFFERSON, | ) | |
| | ) | |
| Defendant | ) | |

POSITION OF THE UNITED STATES
WITH RESPECT TO DEFENDANT'S SENTENCING FACTORS

The United States of America, by and through its attorneys, Neil H. MacBride, United States Attorney for the Eastern District of Virginia, and Olivia L. Norman, Assistant United States Attorney, hereby submits its position with respect to defendant's sentencing factors.

The government has no objections or corrections to the Presentence Report or the calculation of the advisory guideline range. The government hereby moves for the third point for acceptance of responsibility.

A.   A Sentence Consistent with the Goals of 18 U.S.C. §3553

When sentencing a defendant, a district court must consider the advisory guideline range and other relevant sentencing factors as outlined in 18 U.S.C. § 3553(a) (2005).  *See United States v. Hughes,* 401 F.3d 540 (4th Cir. 2005).  These factors include the need for the sentence imposed:

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational training; medical care; or other correctional treatment, in the most effective manner.

1

18 U.S.C. §3553(a).  The factors also include "the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).

### 1. Seriousness of the Offense

The defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 1 kilogram of heroin and more than 5 kilograms of cocaine hydrochloride, a crime punishable by a minimum mandatory term of 10 years imprisonment and a maximum term of life imprisonment.  The defendant was involved in this ongoing large-scale drug trafficking conspiracy that was responsible for the distribution of more than 5 kilograms of cocaine hydrochloride and more than 3 kilograms of heroin.  Defendant made his crime even more serious by the possession of firearms as a convicted felon.  Defendant's sentence needs to reflect the seriousness of defendant's on-going armed drug trafficking crime, particularly in light of his prior federal felony drug trafficking conviction.

### 2. Need to Deter Future Criminal Conduct

The threat of being caught and a substantial prison sentence did not deter this defendant from continuing to be involved in substantial drug trafficking.  In 1998, the defendant was convicted of distribution of more than 50 grams of crack cocaine in violation of federal law and sentenced to 135 months of imprisonment.  The threat of an equal or greater sentence if ever convicted of another federal drug trafficking crime did not deter this defendant.  Even after law enforcement seized over 3 kilograms of cocaine, nearly a kilogram of heroin and 2 kilograms of marijuana in December, 2011 (*see* PSR ¶¶ 14-15, 22), that he and a codefendant had arranged to be transported to Virginia for further distribution, the defendant was not deterred.  Even after law enforcement had seized over $200,000 in drug proceeds belonging to him and his codefendant

during the course of two different traffic stops (*see* PSR ¶¶ 13, 16), the defendant was not deterred. The defendant continued to engage in illegal drug trafficking. *See* PSR ¶¶ 17-21.

The probation officer noted that an upward departure based on the understatement of the defendant's criminal history might be warranted. *See* PSR ¶ 104. Indeed, the defendant has 25 prior misdemeanor convictions that received no criminal history points, primarily because of their age. Although these convictions might not be properly counted toward the defendant's criminal history category, they reflect the substantial need for deterrence in this case.

A sentence in this case must be sufficient, but not greater than necessary, to deter this defendant from committing future crimes and to promote respect for the law.

       3.      <u>Need to Protect the Public from the Defendant's Future Criminal Conduct</u>

A sentence needs, among other things, to protect the public from the defendant's future criminal conduct. Leniency did not accomplish either deterrence or protection of the public with this defendant. Defendant's sentence must be sufficient, but not greater than necessary to protect the public from the defendant's future crimes. Only a significant sentence of imprisonment will ensure the public's safety while the defendant is incarcerated and when he is released. Such a sentence also may deter the defendant from resuming illegal activities upon his release for fear of an equal or greater sentence if ever convicted of a crime again. A sentence must also be significant enough to deter others from following the defendant's choice to engage in illegal drug trafficking.

       4.      <u>Need to Provide Needed Treatment to Defendant</u>

Defendant's sentence needs to be sufficient, but not longer than necessary to allow the defendant the opportunity to take advantage of substance abuse and vocational and educational programs.

5. <u>Need to Avoid Unwarranted Disparities</u>

Defendant's sentence needs to be sufficient, but not longer than necessary to avoid any unwarranted disparity in the sentence of the defendant and like-positioned defendants.

## CONCLUSION

The guidelines were properly calculated in this case. A sentence at the high-end of the advisory guideline range would achieve the goals of sentencing, as set forth in 18 U.S.C. § 3553(a), without being greater than necessary to do so.

Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By: \_\_\_/s/_____
Olivia L. Norman
V.S.B. No. 31418
Assistant United States Attorney
Office of the United States Attorney
600 E. Main Street, Suite 1800
Richmond, Virginia 23219
(804) 819-5475
(804) 771-2316 (facsimile)
Olivia.L.Norman@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on the 1st day of November, 2012, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to Christopher J. Collins, Counsel for the defendant.

                                                     /s/
                                          Olivia L. Norman
                                          V.S.B. No. 31418
                                          Assistant United States Attorney
                                          Office of the United States Attorney
                                          600 E. Main Street, Suite 1800
                                          Richmond, Virginia 23219
                                          (804) 819-5475
                                          (804) 771-2316 (facsimile)
                                          Olivia.L.Norman@usdoj.gov