IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 3:12CR0062-HEH-02 |
| | ) |
| DUANE BROOKS JEFFERSON, | ) |
| | ) |
| Defendant | ) |

POSITION OF THE UNITED STATES RESPONSE
TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

The United States of America, by and through its attorneys, Raj Parekh, Acting United States Attorney for the Eastern District of Virginia, and Olivia L. Norman, Assistant United States Attorney, opposes defendant's motion for early termination of his term of supervised release.

A. Background

Defendant was convicted on his plea of guilty to conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine hydrochloride and more than 1 kilogram of heroin (Count One) and possession of a firearm by a convicted felon (Count Two). Defendant admitted that from June 2011 and continuing through and including March 31, 2012, he and others obtained multiple kilograms of cocaine and heroin from their coconspirators that they distributed throughout the Eastern District of Virginia. ECF No. 53. During the course of this conspiracy, defendant admitted that he sold ounce quantities of heroin to a person secretly working for the police. ECF No. 53. Defendant also admitted possessing two semiautomatic pistols in his home, even though he had previously been convicted of a felony in this Court. ECF No. 53.

1

On November 5, 2012 this Court sentenced the defendant to 210 months imprisonment and 5 years of supervised release. ECF Nos. 109, 111.

Defendant was released from the Bureau of Prisons on July 19, 2019. Soon thereafter, defendant started serving his term of supervised release. He is scheduled to complete his term of supervised release on July 20, 2024.

B. Legal Framework

A court may terminate a term of supervised release and discharge a defendant released at any time after the expiration of one year of supervised release. 18 U.S.C. § 3583(e)(1). The court must consider the applicable factors for sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) before deciding to terminate a term of supervised release early. *Id.* A court should only terminate a term of supervised release early "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.*[1]

Section 3553(a)(1) provides that a court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. Section 3553(a)(2)(A) provides that the court shall consider the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant; and to provide the defendant with needed educational, vocational training, medical care, or other correctional treatment in the most effective manner. Section 3553(a)(1)(4), (5), (6) and (7) require a court to

---

[1] The decision also must be made pursuant to the provisions of Fed.R.Crim.P. 32.1(c). Rule 32.1 provides that a hearing is not required where the relief sought is favorable to the defendant and does not extend the term of supervised release; and the attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object and has not done so. Fed.R.Crim.P. 32.1(c)(2)(B) and (C).

consider the kinds of sentence, any pertinent policy statement, the need to avoid unwarranted sentencing disparity and the need to provide restitution, respectively.

    C.    <u>Application</u>

This Court is authorized to terminate defendant's term of supervised release early if, after considering the applicable 3553(a) factors, the Court is satisfied that such action is warranted by the defendant's conduct and the interest of justice. The government does not contest defendant's claims that he is working and in compliance with the conditions of supervised release. Nonetheless, for the following reasons, this Court should not find either that defendant's conduct or the interests of justice warrants early termination of supervised release.

First, it should not be forgotten how serious defendant's crimes of conviction are. The drug trafficking conviction involved over 5 kilograms of cocaine and over 3 kilograms of heroin. That crime alone carried a minimum mandatory term of 10 years imprisonment up to life imprisonment and at least 5 years of supervised release. But, defendant made his drug trafficking even more serious by arming himself after being prohibited from doing so.

Defendant's history includes 14 prior convictions that did not count toward the defendant's criminal history category. ECF No. 89, Worksheet C. One conviction that did count, however, was defendant's prior distribution of 50 grams or more of cocaine base, for which he was sentenced to 135 months to be followed by 5 years of supervised release. ECF No. 89, ¶ 49. Defendant's history includes serving 20 months of supervised release before he was found to be in violation of supervised release. *Id*. Defendant served 12 months and 1 day in jail on that supervised release violation, which was followed by an additional 4-year term of supervised release. *Id*. The probation officer noted that defendant was successful when released to try again to serve a term of supervised release. *Id*. Defendant owned his own business and

tested negative for the presence of controlled substances. *Id*. He was released from supervised release on July 17, 2007. Notably, he became engaged in the instant large-scale, armed drug trafficking less than 4 years later.

Defendant's prior federal serious drug trafficking crime and nearly 6 years of supervised release were not enough to deter this defendant from engaging in large-scale, armed drug trafficking. The threat of being caught and a substantial prison sentence did not deter this defendant from continuing to be involved in substantial drug trafficking. The threat of an equal or greater sentence if ever convicted of another federal drug trafficking crime did not deter this defendant. Even after law enforcement seized over 3 kilograms of cocaine, nearly a kilogram of heroin and 2 kilograms of marijuana in December 2011 (*see* ECF No. 89 ¶¶ 14-15, 22), that he and a codefendant had arranged to be transported to Virginia for further distribution, the defendant was not deterred. Even after law enforcement had seized over $200,000 in drug proceeds belonging to him and his codefendant during the course of two different traffic stops (*see* ECF No. 89 ¶¶ 13, 16), the defendant was not deterred. The defendant continued to engage in illegal drug trafficking. *See* ECF No. 89 ¶¶ 17-21.

Of particular concern is that now defendant has a trucking business. A trucking business could easily be used for criminal purposes, even when engaged in legitimate business. Thus, the opportunity to resume criminal activity is already present.

Reducing the defendant's term of supervised release will not deter this defendant. Knowing that he will be held accountable to serve his entire sentence would likely have a greater deterrent effect.

Releasing defendant early from his 5-year term of supervised release will do nothing to protect the public from the defendant's future criminal conduct. Leniency did not accomplish

either deterrence or protection of the public with this defendant. While under supervision, defendant will be hampered or at least detected if he resumes criminal activity, thereby better protecting the public.

Treatment and educational/vocational training are neutral factors in this analysis. Certainly, while under supervision, defendant could take advantage of offered services and have the support of the probation officer. However, there is no indication that defendant needs treatment or training.

Defendant's term of supervised release should not be terminated early also because it would result in an unwarranted disparity in the sentence of the defendant and like-positioned defendants. While some defendants do earn early termination, typically that is after they have served at least half of their term of supervised release. But even those individuals typically do not have a prior history of violating supervised release or resuming criminal activity upon being released from supervised release. Releasing this defendant after he has only served 2 out of the 5 years of supervised release with his history of violating supervised release and returning to a criminal lifestyle, would result in an unwarranted sentencing disparity.

## CONCLUSION

Although the Court has jurisdiction and authority to reduce the imposed term of supervised release, such a reduction in this case, particularly given this defendant's history, is not warranted by the defendant's conduct or the interest of justice.

Respectfully submitted,

RAJ PAREKH
ACTING UNITED STATES ATTORNEY

By:\_\_\_\_/s/_____
Olivia L. Norman
Assistant United States Attorney

5

Office of the United States Attorney  
919 E. Main Street, Suite 1900  
Richmond, Virginia 23219  
(804) 819-5475  
(804) 771-2316 (facsimile)  
Olivia.Emerson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to all counsel of record and that on September 23, 2021 a true and exact copy will be placed in the First Class, United States Mail, postage prepaid, addressed to:

Duane Brooks Jefferson  
6200 Crowne Creek Road, #201  
Midlothian, VA  23112

                                           /s/  
                                      Olivia L. Norman  
                                      Assistant United States Attorney  
                                      Office of the United States Attorney  
                                      919 E. Main Street, Suite 1900  
                                      Richmond, Virginia 23219  
                                      (804) 819-5475  
                                      (804) 771-2316 (facsimile)  
                                      Olivia.Emerson@usdoj.gov